BUTLER ET AL., DEMANDANTES Y APELANTES, v. SORONDO ET AL., DEMANDADOS Y APELADOS.

Apelación procedente de la Corte de Distrito de Arecibo en un procedimiento sobre administración judicial.

No. 1625.—Resuelto en mayo 12, 1917.

ADMINISTRACIÓN JUDICIAL — ALBACEAS TESTAMENTARIOS. — Cuando una persona muere testada y en su testamento nombra un albacea, éste es el capacitado para actuar en la administración de los bienes. Los herederos naturales, hermanos y hermanas del difunto, no tienen derecho a solicitar la administración de los bienes con exclusión del albacea hasta que el nombramiento de éste quede de algún modo anulado, o se demuestre su negativa a actuar.

ID.—FALTA DE DERECHO FUNDAMENTAL PARA SOLICITARLA—ENMIENDA DE LA SOLICITUD—RECONSIDERACIÓN DE RESOLUCIÓN.—Una moción de reconsideración en un procedimiento sobre administración judicial no es la forma adecuada para corregir deficiencias o informalidades existentes en la petición, estando la corte justificada para negarse a permitir la enmienda de dicha solicitud cuando el peticionario no tiene ningún derecho fundamental para solicitar la administración.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Enrique Campillo.*

Los apelados no comparecieron.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los apelantes reclamaron el derecho a administrar los bienes de Dominga Butler como hermanos y hermanas de la difunta, alegando que eran sus únicos herederos. Después de algunos procedimientos preliminares que no es necesario considerar, resolvió sustancialmente la corte que los apelantes no tenían derecho a administrarlos, puesto que existía *prima facie* un testamento válido en el cual no se mencionaba a los apelantes como herederos. En realidad en él se hacía mención de dos de ellos como legatarios. Aunque es verdad que estaba pendiente un pleito para anular dicho testamento, los apelantes reclamaban su derecho a la administración como cuestión de derecho por considerarse herederos si el testamento es nulo. Cuando una persona deja un testamento y en él nombra un albacea, dicho albacea es la persona que debe actuar. Los herederos natura-

les, hermanos y hermanas del difunto no tienen derecho de solicitar la administración de los bienes con exclusión del albacea hasta que su nombramiento quede de algún modo anulado, o se demuestre su negativa a actuar.

La corte se negó también a considerar la solicitud por no hacerse constar en ella ciertas alegaciones necesarias y en esto estuvo justificada la corte. Los apelantes presentaron una moción de reconsideración en la que trataron de subsanar las deficiencias, pero que la corte tenía derecho a negar en el ejercicio de su discreción. Una moción de reconsideración no es la forma adecuada para remediar deficiencias o informalidades. Aun cuando se hubiera hecho una promesa válida para enmendar la solicitud creemos que la corte estaba justificada al negarse a permitir la enmienda, por no haber acreditado los peticionarios un derecho fundamental como ya hemos referido.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.